E. R. PARHAM, Revenue Agent, *v.* J. W. PAGE, County Court Clerk.

(*Jackson.*    April Term, 1918.)

1. **LICENSES.   License taxes.   Apportionment.**

Acts 1909, chapter 479, section 3, imposing an *ad valorem* tax and a graduated privilege tax upon all merchants, requires the entire privilege tax to be equally divided between the State and the county.   (*Post, pp.* 365-367.)

Acts cited and construed: Acts 1909, ch. 479, sec. 3.

2. **LICENSES. License taxes. Amount.**

Acts 1909, chapter 479, section 3, imposing on all merchants an *ad valorem* tax and a graduated privilege tax, does not contemplate the collection, as a privilege tax from merchants whose stock is less than $800, of the amount of $7.50 per annum for the State and a like amount for the county, but that a total of $7.50 be collected.   (*Post, pp.* 365-367.)

---

FROM HENDERSON.

---

Error to the Circuit Court of Henderson County. —N. R. BARHAM, Judge.

F. M. THOMPSON, Attorney-General, for plaintiff in error.

T. A. and W. H. LANCASTER. for defendant in error.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case was before us at a former day of the present term, and the court affirmed the decree of the court below. The case is a motion by the revenue agent against the county court clerk to have him pay over to the State the sum of $1,783.47, which it is alleged that he collected and improperly retained. The rights of the parties depend upon a proper construction of section 3, chapter 479, Acts 1909; it being the Revenue Act of that year, and which is as follows:

"Be it further enacted, that all merchants shall pay an *ad valorem* tax upon the average capital invested by them in their business of fifty cents on the $100, thirty-five cents of which shall be for State purposes and fifteen cents for school purposes; and a privilege tax of fifteen cents on each $100 worth of taxable property, seven and one-half cents of which shall be for school purposes and seven and one-half cents for State purposes: Provided, that such privilege tax, without regard to the length of time they do business, shall in no case be less than $5. The $5 paid shall be a credit when the balance of the tax is paid; provided, further, that said $5 shall be equally divided between the State and counties: Provided, further, that when the stock is less than $800, the privilege shall be fixed at $7.50 per annum, and that no *ad valorem* shall be taxed."

The county court clerk collected $7.50 per annum from merchants whose stocks of goods were valued at less than $800, and paid $3.75 to the State and $3.75 to the county. The contention of the State is that a proper construction of the act requires defendant to collect $7.50 for the State.

It will be observed that the section under consideration levies two kinds of taxes against merchants, and also divides merchants doing business in this State into two classes for the purpose of taxation. It provides that "all merchants" shall pay an *ad valorem* tax of fifty cents on the $100, and divides this revenue between State purposes and school purposes, and also that "all merchants" shall pay a privilege tax of fifteen cents on the $100 worth of taxable property, and divides this seven and one-half cents for school purposes and seven and one-half cents for State purposes. We think the second clause of the act, while omitting the words "all merchants," clearly refers back to the first clause, and means "all merchants." It is obvious, however, from the provisos inserted in the act, that all of its provisions do not apply to "all merchants." The first proviso authorizes the satisfaction of the privilege tax by the payment of $5, without regard to the time the merchant is engaged in business. The $5 is a minimum of the privilege tax assessed against "all merchants;" but, should a merchant who has paid the $5 afterwards decide to remain in business for twelve months, the $5 previously paid

shall be a credit upon his privilege tax for the twelve months. The second proviso is that the $5 shall be equally divided between the State and county. If this $5 is truly a partial payment upon the privilege tax assessed against "all merchants," it would seem inevitable that the entire privilege tax, when paid, should also be divided between the State and county. The third proviso makes it plain that the privilege tax previously levied in the act does not in fact apply to all merchants. It applies only to merchants whose stocks are less than $800, and, when less, the entire privilege tax for twelve months is fixed at $7.50, and against them no *ad valorem* tax is levied. The scheme, as between the State and county, set forth in the act, is to divide the privilege tax between the State and county in equal proportion. This scheme should be held to apply to every tax levied by the section, unless the contrary is made to appear. The privilege tax assessed against merchants having stocks less than $800 in value is the entire tax levied against them, and it is "fixed at $7.50 per annum."

This view is strengthened by a consideration of the tax required to be paid by a merchant having a stock worth less than $800 and a merchant having a stock of $800. A merchant having a stock worth $800 is required to pay $12 per annum privilege tax, half of which goes to the county and the other half goes to the State. Under the construction

contended for, a merchant with a stock valued at $500 would be required to pay a privilege tax of $15, which, of course, is larger than the tax required of a merchant whose stock is worth $800. We think no such result was intended by the legislature. The petition to rehear is dismissed.